FILED
United States Court of Appeals
Tenth Circuit

April 14, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

EDWARD ALLEN BUCK,

        Plaintiff-Appellant,

v.

DAVID DRAKE, Esq.; JUSTIN
HOYAL, Sargent, Detective, Salt Lake
County Sheriff's Office; BRIAN
ADAMSON, Detective, Salt Lake
County Sheriff's Office; SHARADEE
FLEMING, Assistant Counsel, Utah
State Bar; ROBERT K. HILDER, 3rd
District Court Salt Lake County;
TIMOTHY J. FUHRMAN, Special
Agent in charge, Federal Bureau of
Investigation, Salt Lake City, Utah;
BRETT L. TOLMAN, United States
Attorney; MICHELE M. KELLY,
Special Assistant, United States
Attorney; MARK Y. HIRATA,
Assistant United States Attorney; S.
NESBITT, Detective; C. LOWE; C.
BOWN, Salt Lake County Attorney;
R. HANSEN, Judge, 3rd District
Court, Salt Lake County,

        Defendants-Appellees.

No. 09-4050
(D.C. No. 1:07-CV-00172-DB)
(D. Utah)

**ORDER AND JUDGMENT**[*]

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is

(continued...)

Before **KELLY**, **BALDOCK**, and **HOLMES**, Circuit Judges.

Plaintiff appellant Rev. Edward Allan Buck and Suzanne Hanson Hadley Buck filed a pro se complaint under the authority of 42 U.S.C. § 1986 alleging a conspiracy among defendants to perpetrate various state and federal crimes against them.[1] The district court granted Buck's application to proceed without prepayment of fees under 28 U.S.C. § 1915. It then proceeded to screen the case under 28 U.S.C. § 1915(e)(2)(B), which requires that the court dismiss any claims filed in forma pauperis if they are frivolous, malicious, fail to state a claim upon which relief can be granted, or seek monetary relief from a defendant who is immune from such relief. Concluding that Buck's complaint failed to allege any constitutional violation, that any tort claims were not cognizable under 42 U.S.C. § 1983 or its companion statutes, that many of the defendants were absolutely immune from Buck's claims, and that his allegations did not show the existence of a conspiracy for purposes of 42 U.S.C. §§ 1985, 1986, the district court dismissed Buck's complaint as frivolous.

[*](...continued)
not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Plaintiff Hadley had been dismissed from the case before the order on appeal was entered.

Our jurisdiction arises under 28 U.S.C. § 1291  Since the district court's dismissal turns largely on questions of law, we will review that determination de novo.  *See Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006).  After reviewing the memorandum decision and order dismissing the amended complaint, the record, and the applicable law, we affirm the district court's order for substantially the reasons stated by that court.

The judgment of the district court is AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge